[relates to Docket Item 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIIX INSURANCE CO., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 07-1635 |
| v. | |
| ASSOCIATED WOMEN'S HEALTH SPECIALISTS, P.C., <u>et al.</u>, | **<u>OPINION</u>** |
| Defendants. | |

APPEARANCES:

David D'Aloia, Esq.
Michelle V. Fleishman, Esq.
SAIBER, SCHLESINGER, SATZ & GOLDSTEIN, LLC
One Gateway Center
Suite 1300
Newark, NJ 07012
    Attorneys for Plaintiff MIIX Insurance Co.

Philip Elberg, Esq.
MEDVIN & ELBERG
One Gateway Center
Newark, NJ 07102

    - and -

William M. Bloss, Esq.
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
    Attorneys for Defendants Associated Women's Health
    Specialists, P.C.; Susan Drown, individually and on behalf
    of Joshua Drown; Rodney Drown, individually and on behalf of
    Joshua Drown; and Joshua Drown, a minor.

**Simandle, District Judge:**

**I.    INTRODUCTION**

This matter comes before the Court on Defendants' motion to

dismiss [Docket Item 8] for lack of personal jurisdiction, Fed.

R. Civ. P. 12(b)(2); to dismiss or transfer due to improper
venue, Fed. R. Civ. P. 12(b)(3); and to decline to exercise
jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §
2201, because there is pending litigation in Connecticut and the
sought-after declaratory judgment in this action would not
terminate the proceedings.  The Court heard oral argument on
October 22, 2007 and reserved decision.  At the request of
Plaintiff's counsel, the Court also permitted the parties an
additional opportunity to brief the issue whether this Court
should transfer venue pursuant to 28 U.S.C. § 1404(a).  Having
now received and reviewed those supplemental submissions, the
Court is prepared to rule on the matter.

For the reasons explained below, the Court finds that it
lacks personal jurisdiction over Defendants and that venue is not
proper here.  The Court shall deny the motion to dismiss but
shall exercise its discretion to grant the motion to transfer the
matter to the District of Connecticut, pursuant to 28 U.S.C. §
1406(a).

**II.   BACKGROUND**

This case relates to a medical malpractice action that was
settled in Connecticut.  On May 2, 2000 in Connecticut Superior
Court, defendants in this matter Joshua Drown, a minor, and his
mother Susan Drown, filed a medical malpractice action, related
to treatment during Joshua's birth, against several defendants,

including Associated Women's Health Specialists, P.C. ("Associated"), which is also a defendant in this action. Associated is a medical practice in Waterbury, Connecticut that obtained an insurance policy issued by MIIX Insurance Co. ("MIIX"), the plaintiff in this action, from CHA Insurance Services, Inc. in Connecticut.  MIIX is a New Jersey corporation with its principal place of business in Riverside, New Jersey.

According to the record before the Court, Associated turned the claim in the Connecticut matter over to its insurer, MIIX, who caused counsel to enter an appearance on Associated's behalf. In September and December 2006, however, MIIX refused to send an adjuster to mediation sessions before a Superior Court judge, despite orders to do so.  Accordingly, on December 7, 2006, the Connecticut court entered a default against Associated, which the court declined to set aside.  Then, on March 21, 2007, Associated settled with the Drowns for $2 million, the policy limit, and the Drowns agreed not to proceed directly against Associated's assets.  According to the defendants in this action, the Drowns and Associated ("Defendants"), the default precluded any defense with regard to liability under Connecticut law.

Less than a month later, MIIX filed this action, on April 6, 2007, seeking a declaration that it is not obligated to indemnify Associated or the Drowns under its policy of insurance because the policy allegedly excludes coverage for acts or omissions by

individual physicians in the employ of Associated.  (Compl. ¶¶ 10-17.)  On April 17, 2007, Susan Drown filed an action against MIIX in U.S. District Court for the District of Connecticut to force compliance with the asserted obligation to pay on Associated's behalf.  That matter is pending before U.S. District Judge Robert Chatigny, who denied a motion to transfer venue on June 5, 2007 and has entered a scheduling order and case management plan.

It is undisputed that Associated acquired the insurance policy at issue through an agent in Connecticut to cover Associated's Connecticut medical practice.  Plaintiffs allege that this Court has subject matter jurisdiction over its state law claims against these Connecticut Defendants pursuant to 28 U.S.C. § 1332.

## III. PARTIES' ARGUMENTS

### A.   Defendants

Defendants argue that this Court lacks personal jurisdiction over all of them.[1]  They argue that the Drowns have had no contact whatsoever with New Jersey and could have had no expectation that they might be sued here.  (Def. Br. at 8.) Defendants argue that the only contact Associated has had with New Jersey was obtaining an insurance policy in Connecticut,

---

[1]  Plaintiffs concede there is no basis for exercising general personal jurisdiction over Defendants, so this Court need only discuss specific personal jurisdiction.

4

through a Connecticut broker, issued by a New Jersey insurer (MIIX), that was licensed to do business in Connecticut. Therefore, they claim they do not have the minimum contacts necessary with this forum that are necessary for the Court to constitutionally exercise jurisdiction over them.

Defendants also argue that venue is not proper here under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey. Therefore, they ask that the case be dismissed or transferred to the District of Connecticut, pursuant to 28 U.S.C. §§ 1404, 1406(a).

Finally, Defendants argue that the Court should dismiss this declaratory judgment action because this case is not appropriate for a declaratory judgment under 28 U.S.C. § 2201. As Defendants point out in their reply brief, Plaintiff fails to address this argument in opposition to the motion; however, the matter was discussed at oral argument.

**B.   Plaintiff**

Plaintiff argues that Defendants' contacts with New Jersey are sufficient for specific jurisdiction and that venue is proper here.

First, MIIX argues that Associated had substantial and ongoing contacts with MIIX in New Jersey, related to this action. Plaintiff alleges that Associated obtained a policy of insurance

from MIIX through MIIX's New Jersey office; that all underwriting for the policy was done in New Jersey; and that Associated communicated with MIIX in New Jersey regarding the underwriting, issuance and non-renewal of the policy.  Plaintiff also notes that Associated submitted its claim for coverage to MIIX in New Jersey and that Associated's attorney sent faxes and letters to MIIX in New Jersey discussing the coverage issues that are the subject of this declaratory judgment action.  MIIX also notes that Associated paid premiums to it in New Jersey, as the contract required.  Therefore, MIIX argues, it is fair to exercise personal jurisdiction over Associated in this matter.

Next, MIIX argues that because the Drowns are assignees of Associated's rights under its insurance contract with MIIX, they stand in the shoes of Associated and Associated's contacts with New Jersey may be attributed to the Drowns.  Although the cases MIIX cites for this proposition are not persuasive, as discussed below, Defendants completely ignore and fail to address this argument.

The final points MIIX makes with regard to personal jurisdiction are that it does not otherwise offend rules of fair play and substantial justice because the minimum contacts test is met, a plaintiff's choice of forum should normally prevail, the matter does not present an undue hardship to the Drowns because the Drowns are not witnesses in this case, and this Court is

competent to apply whatever state's law it determines should apply to this contract interpretation.

MIIX then argues that venue is proper here under 28 U.S.C. § 1391(a)(2) because the insurance policy was issued here, the decision to deny coverage to Associated was made here and this action was filed before the District of Connecticut action.

MIIX also argued orally that this matter is appropriate for declaratory judgment because coverage is a threshold issue in this dispute and declaratory judgment is a proper vehicle for resolving a coverage dispute after resolution of the underlying matter.

## IV. ANALYSIS

### A. Personal Jurisdiction

Although Plaintiff bears the burden of establishing jurisdiction, the Court must accept its allegations as true:

> To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants. However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor.

Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citation omitted).  When a defendant raises a jurisdictional defense, the plaintiff must then show, "that the cause of action

arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 554 (3d Cir. 1993). In this case, Plaintiff argues that the Court has specific jurisdiction over the defendants.

The Court will not find specific jurisdiction unless Defendants have purposefully availed themselves of the forum:

> Specific jurisdiction exists only where the defendant has sufficient minimum contacts with the forum state that it "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The "'constitutional touchstone'" is whether the defendant purposefully established those minimum contacts. North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 (3d Cir.) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)), cert. denied, 111 S. Ct. 133 (1990). A court must find that there was some act by which the defendant "purposefully availed itself" of the privilege of conducting activities within the forum. Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Mellon Bank, 983 F.2d at 554. Further, the Court may exercise specific jurisdiction only if the claim in the case at bar arises out of those minimum contacts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). But "[p]hysical presence within the forum is not required to

establish personal jurisdiction over a nonresident defendant."
Id.

　　　　In this case, Defendants did not purposefully avail themselves of, nor reach out to, New Jersey.  The only contacts that Plaintiff credits to Defendant Associated are the contacts it made with MIIX to pay its premiums and to resolve this coverage dispute after it arose.

　　　MIIX's location here does not suffice to meet the minimum contacts test.  Associated procured a Connecticut insurance policy, through a Connecticut agent, to cover its medical practice in Connecticut.  Associated reached out to MIIX through its attorney after coverage was denied; it did not reach out to MIIX in New Jersey to form the contract.  Therefore, Associated could not have reasonably anticipated being haled into court in New Jersey and this Court does not have personal jurisdiction over Associated in this action.

　　　This is so, even though, as MIIX alleges, the policy was underwritten in New Jersey and the decision to deny coverage was made here.  Those are unilateral acts on the part of MIIX that do not satisfy the minimum contacts required to exercise personal jurisdiction over the insured, Associated.

　　　While MIIX does not allege any purposeful availment by the Drowns, MIIX argues that as successors in interest to Associated's insurance claims, the Drowns should be charged with

Associated's contacts with New Jersey.  Because Associated's

contacts do not suffice to confer personal jurisdiction over

Associated, they could not possibly suffice as to the Drowns, and

the Court need not address whether there can be such derivative

application of the minimum contacts rule.  The Court notes,

however, that the cases Plaintiff cites for that point merely

iterate the general rule that successors in interest are charged

with the obligations of their predecessors.[2]  There is no

convincing authority that the constitutional minimum contacts can

be acquired through the type of insurance settlement at issue in

this case.

Because there are no alleged contacts by the Drowns with New

Jersey and because even if Associated's contacts with New Jersey

were attributed to the Drowns there would still be insufficient

contacts to permit exercising personal jurisdiction over the

---

[2]  See Pl. Br. at 14 (citing ICEE Distrib., Inc. v. J& J
Snack Food Corp., 325 F.3d 586 (5th Cir. 1003) (assignment of
trademark rights to party makes that party also successor to
exclusive licensing agreement such that when, by its own conduct,
it breaches that agreement in a particular state, that party is
subject to specific jurisdiction in that state for claims of
breach); Setra of N. Am., Inc. v. Schar, 2004 WL 1554195 at *7
(M.D.N.C. July 7, 2004) (unpublished order stating that
assignment of notes created reasonable expectation that assignees
would not be haled into court in forum in which assignors had no
contact) ("The unilateral activity of others in setting up an
assignment, even though related to the [defendants'] notes and
leases, does not establish that the [defendants] were purposely
availing themselves of the privilege of doing business in [the
forum]."); Wiener King Sys., Inc. v. Brooks, 628 F. Supp. 843
(W.D.N.C. 1986) (defendants' contacts with forum do not disappear
merely because contract has been assigned to a new plaintiff)).

Drowns, the Court finds that it lacks personal jurisdiction over the Drowns.

Accordingly, personal jurisdiction is lacking over all defendants named here and this Court, therefore, could not maintain this action here.

### B.    Venue

The finding of no personal jurisdiction does not end the matter.  The Court shall also address the issue of venue because under 28 U.S.C. §§ 1404(a) and 1406(a), the Court may dismiss or transfer an action even if it lacks personal jurisdiction over the defendants.  See United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964) (district court has power under § 1404(a) to transfer action even if it lacks personal jurisdiction), Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (under § 1406(a) district court without venue may transfer instead of dismissing regardless of whether it has personal jurisdiction).

Defendants move to dismiss or transfer this action for lack of proper venue under 28 U.S.C § 1406(a), or in the alternative, to transfer the action to a more convenient forum, the District of Connecticut, under 28 U.S.C. § 1404(a).  If venue in New Jersey was not proper under 28 U.S.C. § 1391(a)(2), then the Court must either dismiss or transfer the case to a proper venue. In contrast, § 1404(a) applies when the present venue is proper, but it permits a court to transfer an action to any other proper

11

venue for the convenience of the parties or in the interest of justice.[3]  The Third Circuit has recently addressed the distinctions between § 1404(a) and § 1406(a) as follows:

> The two provisions governing venue transfers at issue here read, in relevant part, as follows:
>
> 1. 28 U.S.C. § 1404(a):
>
> Venue: Change of venue
>
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> 2. 28 U.S.C. § 1406(a):
>
> Venue: Cure or waiver of defects
>
> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
>
> Distinctions between §§ 1404(a) and 1406(a) have to do with discretion, jurisdiction, and choice of law. Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d

---

[3]  Of course, as noted above, because this Court has no personal jurisdiction over Defendants, the case could not be maintained in the District of New Jersey, even if venue were technically proper under the standard enunciated in 28 U.S.C. § 1391(a)(2).

Cir.1995); 17A Moore's Federal Practice, §
111.02 (Matthew Bender 3d ed. 2006). . . .

Section 1406(a) comes into play where
plaintiffs file suit in an improper forum.
Jumara, 55 F.3d at 878; Moore's Federal
Practice, supra, § 111.02. In those instances,
district courts are required either to dismiss
or transfer to a proper forum. Goldlawr, Inc.
v. Heiman, 369 U.S. 463, 465-66 (1962)
(emphasizing that federal district courts may
transfer - rather than dismiss - cases that
plaintiffs initially brought in an improper
forum, regardless whether they otherwise have
personal jurisdiction). When cases have been
dismissed for improper venue, plaintiffs in
those cases must file anew in a proper forum.

Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007). Thus,

the Court must first determine which section applies, that is,

whether venue is proper in the District of New Jersey.

To make that determination, the Court looks at 28 U.S.C. §

1391(a)(2), which states, "A civil action wherein jurisdiction is

founded only on diversity of citizenship may, except as otherwise

provided by law, be brought [in] a judicial district in which a

substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of property that is the

subject of the action is situated."

The test for determining venue is not the
defendant's "contacts" with a particular
district, but rather the location of those
"events or omissions giving rise to the
claim," theoretically a more easily
demonstrable circumstance than where a "claim
arose." Although the statute no longer
requires a court to select the "best" forum,
Setco Enters. v. Robbins, 19 F.3d 1278, 1281

13

> (8th Cir. 1994), the weighing of
> "substantial" may at times seem to take on
> that flavor.

Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294
(3d Cir. 1994).

Plaintiff argues that a substantial part of the events or
omissions giving rise to this action for declaratory judgment on
the meaning of its insurance contract occurred in New Jersey
because the decision to deny coverage was made by it in New
Jersey; the claim was tendered to it in New Jersey; payments on
the policy were made to it in New Jersey; and the bank
underwriting the insurance was located in New Jersey.

Defendants counter that the contract was negotiated and
formed in Connecticut, through an agent licensed and authorized
to do business on Plaintiff's behalf there, that the insurance
claim arose in Connecticut, that the location of Plaintiff's
underwriter is not relevant, and that while the decision was made
in New Jersey, its effect was felt in Connecticut.

Defendants also point to the fact that the controversy about
coverage arose out of a settlement of a Connecticut action
between Connecticut parties and because of Plaintiff's failure to
appear in Connecticut.  The judgment against Associated in
Connecticut arose from the suppression of its liability defense
as a result of MIIX's refusal to participate in mediation before
a Connecticut judge, as ordered by a Connecticut court.

Therefore, Defendants argue, the overwhelming majority of events giving rise to this action occurred and had their effects in Connecticut.

Because a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey, the Court finds that venue is not proper here.  While the decision to deny coverage may have been made in New Jersey, the event on which the coverage decision is based occurred in Connecticut, between Connecticut parties, emerging in Connecticut litigation, and the effects of the denial were felt only in Connecticut.  In addition, the negotiation and formation of the contract occurred in Connecticut, while MIIX was in New Jersey but its agent was in Connecticut and transacted business with Associated there.  Further, there is no dispute that the insurance contract was for a Connecticut business and only covered events that occurred in Connecticut.  Finally, the alleged failure to properly defend occurred in Connecticut and while that matter is not a part of Plaintiff's case, Plaintiff concedes that is necessary for one court to decide both its claims and the claims of the Drowns and Associated in one action.

Furthermore, and of secondary consideration, the Drowns' property interest in this coverage case is in Connecticut by virtue of their Connecticut judgment, as the Drowns were strangers to the formation of the insurance contract; Connecticut

15

venue is appropriate as to the Drowns because "a substantial part of the property that is the subject of the action is situated" in Connecticut.  28 U.S.C. § 1391(a)(2).

The claims at issue are therefore properly venued in Connecticut.  While the Court need not choose the best venue when making a venue determination, a venue is not proper unless a substantial part of the events or omissions giving rise to the claim occurred in that State.  No substantial events occurred in New Jersey; they occurred in Connecticut.  Thus, venue is not proper in New Jersey, but it is proper in Connecticut.

Because venue is not proper here, the Court must dismiss or transfer the action, pursuant to 28 U.S.C. § 1406(a); it does not retain the power to hear the case.[4]  However, "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. at 466.  Heiman is a caution to courts not to be too harsh, that is, to transfer rather than dismiss

_____

[4]  This determination is independent of the Court's personal jurisdiction finding; even if the Court had personal jurisdiction over Defendants, venue is not proper here.  However, because Defendants did not have the constitutionally-required minimum contacts with New Jersey, of course the Court cannot retain personal jurisdiction over Defendants.  Both the venue and personal jurisdiction determinations, therefore, support this Court's finding that the case cannot be maintained in New Jersey.

16

cases.  "Transfer is generally more in the interest of justice
than dismissal."  <u>CAT Aircraft Leasing, Inc. v. Cessna Aircraft
Co.</u>, 650 F. Supp. 57, 60 (D.V.I. 1986).

"The decision whether a transfer or a dismissal is in the
interest of justice, however, rests within the sound discretion
of the district court."  <u>Naartex Consulting Corp. v. Watt</u>, 722
F.2d 779, 789 (D.C. Cir. 1983).  In this case, the parties agree
there is a controversy that needs to be resolved.  There is no
dispute that this action could have been brought in Connecticut.
Whether the declaratory action is proper and whether coverage
issues are relevant to this dispute are not matters this Court
should determine.  Rather, the District of Connecticut, to which
it is just to transfer this matter, could resolve those disputes
in concert with the ongoing related action.

Although Plaintiff chose this forum and the insurance
records and Plaintiff's witnesses are here, the medical records
are in Connecticut, Defendants and their witnesses are there, and
Joshua Drown allegedly has medical needs that make it difficult
for him and his parents to travel for a trial to New Jersey.

Public interests also weigh in favor of transfer to
Connecticut.  While a judgment in this matter would be
enforceable anywhere, the full resolution of this matter would be
more expeditiously determined by consolidation in some manner
with the ongoing Connecticut matter, in which Defendants argue,

17

the relevance of this declaratory action will be decided.  That
is, Defendants argue that under Connecticut law, there is no
defense of lack of coverage for the insured when the insurer
defaulted by failing to appear; thus, if the Connecticut court
rules that is so, this declaratory action may be moot, for all
practical purposes.  Otherwise, the action will be the same as a
defense in Defendants' Connecticut claim to enforce coverage.
Splitting this matter into two actions is not in the public
interest.

> To permit a situation in which two cases
> involving precisely the same issues are
> simultaneously pending in different District
> Courts leads to the wastefulness of time,
> energy and money that § 1404(a) was designed
> to prevent.  Moreover, such a situation is
> conducive to a race of diligence among
> litigants for a trial in the District Court
> each prefers.

Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26(1960). Cf.
Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 33-34
(3d Cir. 1993)(to prevent multiple litigation court should
transfer claims against all defendants when venue is only proper
as to one).  This declaratory action might be raised as a
potential defense in the Connecticut action, regardless that the
Connecticut case was filed days after this one.  That case is
advancing and provides a fuller opportunity for resolving these
issues and the Connecticut court has denied a motion to transfer
here.  Of course this Court is capable of interpreting and

applying Connecticut law, if that is the law that applies, but on balance the local interest and familiarity with the issues also weigh in favor of transfer.

Although Plaintiff points out that MIIX is in Bankruptcy Court here and that traveling to Connecticut to defend this action will pose an additional expense on the company, the Court has already determined that it lacks personal jurisdiction over Defendants and venue is not proper in New Jersey.  Therefore, litigating the matter in this Court is not an option.  As between dismissal and transfer, transfer will more justly promote the full resolution of this matter and presumably the related case. Further, MIIX must travel to Connecticut to participate in the already-ongoing District of Connecticut litigation.  The joint resolution of the issues might actually conserve company resources that would otherwise be spent litigating parallel actions, with potentially disparate results.

### C.   Declaratory Relief

Although a court may dismiss a matter under the Declaratory Judgment Act even if it would not do so for lack of venue, because the Court has no ability to retain this action upon finding that it has no personal jurisdiction over Defendants and venue is not proper here, this Court cannot decide that issue. Section 2201(a) provides:

> In a case of actual controversy within its
> jurisdiction, except with respect to Federal

> taxes other than actions brought under
> section 7428 of the Internal Revenue Code of
> 1986, a proceeding under section 505 or 1146
> of title 11, or in any civil action involving
> an antidumping or countervailing duty
> proceeding regarding a class or kind of
> merchandise of a free trade area country (as
> defined in section 516A(f)(10) of the Tariff
> Act of 1930), as determined by the
> administering authority, any court of the
> United States, upon the filing of an
> appropriate pleading, may declare the rights
> and other legal relations of any interested
> party seeking such declaration, whether or
> not further relief is or could be sought. Any
> such declaration shall have the force and
> effect of a final judgment or decree and
> shall be reviewable as such.

28 U.S.C. § 2201(a). The Declaratory Judgment Act is not an

independent basis for federal subject matter jurisdiction;

rather, "it gives district courts statutory discretion to decide

whether to entertain actions for declaratory judgments," Terra

Nova Ins. Co. V. 900 Bar, Inc., 887 F.2d 1213, 1222 (3d Cir.

1989).[5]

---

[5] Courts generally consider several factors in determining whether to exercise their discretion to dismiss such actions: "(1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." Terra Nova Ins. Co. V. 900 Bar, Inc., 887 F.2d 1213, 1224 (3d Cir. 1989)(quoting Bituminous Coal Operators' Assoc. v. Int'l Union, United Mine Workers, 585 F.2d 586, 596-97 (3d Cir. 1978)). It is also appropriate for courts to consider whether a parallel action, often pending in state court, involves the same issues, between the same parties, and whether those issues are governed by state or federal law. Id.

In this case, however, because the matter is being transferred to the District of Connecticut, that court would be the one to determine whether to hear the matter.  This Court makes no ruling with regard to the propriety of litigating this matter under the Declaratory Judgment Act.

## V.    CONCLUSION

Although the Court lacks personal jurisdiction over Defendants and venue is not proper here, the Court has discretion to decide whether to transfer or dismiss the matter under 28 U.S.C. § 1406.  The Court could not retain the case under the Declaratory Judgment Act or otherwise and therefore cannot make a ruling as to the propriety of jurisdiction under the Declaratory Judgment Act.  However, the Court finds that the interests of justice merit exercising its discretion to transfer the matter.

Therefore, the Court shall deny the motion to dismiss for lack of venue and personal jurisdiction and shall grant the motion to transfer under 28 U.S.C. § 1406.  This matter shall be transferred to the U.S. District Court for the District of Connecticut, where the parties agree it could have been brought and where a related matter is pending.  An appropriate Order shall be entered.


**November 19, 2007**                          **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge

21